IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUANITA BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-cv-2428-JAR-TJJ |
| ) | |
| PANHANDLE EASTERN PIPELINE ) | |
| COMPANY L.P., ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

### **NOTICE**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**I.     Background**

By Order dated May 31, 2017 (ECF No. 48), District Judge Julie A. Robinson referred Defendant's Motion to Dismiss (ECF No. 36) to the undersigned Magistrate Judge for a report and recommendation. After reviewing the motion and the supporting and responsive briefs, the Court recommends that the district judge grant the motion in part and deny it in part.

Consistent with the standard for ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations contained in Plaintiffs' amended complaint and this summary treats them as such. Plaintiffs filed this action against Panhandle Eastern Pipeline Company, L.P. and Energy Transfer Partners, L.P.[1] to recover damages they incurred from exposure to a toxic natural gas condensate released on June 19, 2014 from Panhandle's natural gas pumping and processing station located in Lyon County, Kansas. The release created a plume, described as a black, oily, smoke cloud that traveled north out of the pipeline and down Road K for at least three miles. The line contained natural gas, natural gas condensate, naphthalene, oils, diesel and hydrocarbons, and the release caused damage to homes, property, livestock, land and things growing on the land, as well as to the health of Plaintiffs and other residents of Lyon County. The chemicals adversely impacted the ecology, air, soil, crops, trees and other plants, streams, ponds, manmade structures, animals and humans. The routes of entry for the toxins are inhalation, skin contact, eye contact, mucous membrane, throat and respiratory tract. Certain of the materials are carcinogenic.

Panhandle had in its control and custody the pumping and pipeline equipment involved in the release. Although facts relating to the leak have not been publicly disclosed, Panhandle has estimated the volume of the release to be 1,300 gallons of condensate. Residents within or near the plume path saw, smelled, sensed and physically felt the chemicals and compounds. In addition to physical effects, Plaintiffs have experienced an emotional response including concern for their property, their own health and the health of loved ones.

---

[1] Complaint (ECF No. 1).

Defendants jointly responded to Plaintiffs' complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting a lack of complete diversity and concomitant lack of subject matter jurisdiction over this action.[2] On the day Defendants' reply brief in support of their motion to dismiss was due, the parties filed a stipulation of dismissal of Defendant Energy Transfer Partners, L.P,[3] thereby leaving Panhandle Eastern Pipeline Company L.P. as the sole party defendant. Because lack of diversity was cured by the parties' dismissal of Energy Transfer Partners, L.P., Judge Robinson found moot the motion to dismiss for lack of subject matter jurisdiction.[4]

Plaintiffs obtained leave to and did file an amended complaint,[5] to which Panhandle responded with the instant motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the amended complaint fails to state a claim upon which relief can be granted. Plaintiffs collectively assert their allegations against Defendant in nine counts, each asserting a cause of action: negligence, private nuisance, public nuisance, trespass on land, abnormally dangerous activity, intentional infliction of emotional distress, negligence *per se*, negligent

---

[2] ECF No. 17. Plaintiffs are citizens of Kansas. In their motion, Defendants assert that Energy Transfer Partners is a master limited partnership with unitholders who also reside in Kansas.

[3] ECF No. 24. The dismissal is without prejudice.

[4] ECF No. 30.

[5] ECF Nos. 29, 31.

infliction of emotional distress, and liability under K.S.A. 65-6203 for discharge detrimental to soil or water.[6]

## II. Standard

A complaint must provide "(1) a short and plain statement of the grounds for the court's jurisdiction. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. . . ."[7] In response, a defendant may move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face."[8] A complaint attacked by a motion to dismiss does not require detailed factual allegations, nor must plaintiff "set forth a prima facie case for each element" to successfully plead a claim.[9] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but does require more than "a sheer possibility."[10] A plaintiff must offer specific factual allegations to support each

---

[6] ECF No. 31. The amended complaint also contains a demand for and punitive damages, denominated as a separate count.

[7] Fed.R. Civ. P. 8(a).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[9] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

claim; "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice."[11]

The degree of specificity necessary to establish plausibility and fair notice, and the concomitant need to include sufficient factual allegations, depends on context. "Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case."[12]

## III.   Analysis

Defendant moves to dismiss all of Plaintiffs' claims. The Court addresses Defendant's arguments in turn.

### A.   Whether Plaintiffs Allege a Plausible Claim for Relief

As Defendant points out, Plaintiffs claim the same damages in each count of their amended complaint with no distinction between which Plaintiff sustained which type(s) of damage. The amended complaint alleges the following:

> Plaintiffs, and others in the vicinity of this toxic release, sustained past, present, and future damages, including, but not limited to, personal injury, emotional and mental damages, evacuation, shelter-in-place, property damages, property value diminution, market stigma damages, inconvenience, insecurity in their property, fear, fright, anguish, discomfort, toxic exposure, negligent infliction of emotional distress, nuisance, and loss of enjoyment of life and property.[13]

---

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[12] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Phillips v. County of Allegheny*, 515 F.2d 224, 228 (3d Cir. 2008)).

[13] First Amended Complaint (ECF No. 31) at 11-17.

Defendant argues that a generalized list of claimed damages is insufficient under the federal pleading standards because Plaintiffs' amended complaint contains no basis for believing that these Plaintiffs have any factual support for their claims. But under the appropriate standard for reviewing a motion to dismiss, the court is to accept as true the plaintiff's factual allegations. At this stage, Plaintiffs need not prove their allegations.

Defendant makes another, more particularized argument, pointing out that by repeating the same damages in every count, all Plaintiffs claim property damage even though only Brown Family Farms asserts ownership of real property. Similarly, with respect to personal injuries, Plaintiffs do not identify which individuals sustained one or more of the listed injuries. Defendant argues this lack of specificity renders the amended complaint fatally flawed because Plaintiffs failed to provide facts establishing they can show the necessary elements of their asserted causes of action.

Defendant's argument lacks legal support. Claims are not susceptible to a motion to dismiss on the ground that certain forms of relief might not be available. "[A] motion for failure to state a claim properly addresses the cause of action alleged, not the remedy sought."[14] "It need not appear in the pleadings that the [plaintiff] can obtain all of the relief demanded so long as it can be ascertained from the face of the complaint that some relief can be granted."[15]

---

[14] *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 353 (E.D.N.Y.2007).

[15] *In re Sunrise Sec.Litig.*, 793 F. Supp. 1306, 1327 (E.D. Pa. 1992). *See also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Plaintiffs' complaint sets forth claims which, if proved, would entitle one or more of them to damages. Accordingly, dismissal in toto is not appropriate.

### B. Whether Plaintiffs Sufficiently Allege Facts to State Causes of Action.

Defendant asserts Plaintiffs have failed to plead facts that establish the elements of each of their causes of action. The Court examines them in the same order as Defendant argues them.

#### 1. Negligence (Count One) and Negligence Per Se (Count Seven)

To establish liability for negligence, a plaintiff must establish: (1) defendant owed a duty to plaintiff; (2) the duty was breached; (3) the breach was the proximate cause of plaintiff's injury; and (4) plaintiff sustained damages.[16]

Defendant argues that Plaintiff recites only legal conclusions which include no facts and are insufficient as a matter of law to establish duty, breach, injury and causation. The Court disagrees. Plaintiff specifically alleges that Defendant had a strict duty not to allow the escape of toxic substances into the air and environment, and to protect Plaintiffs from injury by exercising reasonable care. As for the breach of Defendant's duty, Plaintiffs allege that Defendant allowed unreasonable conditions to exist, including but not limited to equipment that failed, ruptured or leaked resulting in the spill and subsequent cloud. Plaintiffs also allege Defendant's breach of its duties proximately caused Plaintiffs to suffer personal and property injury. Construing the facts in the light most favorable to Plaintiffs, it is plausible that

---

[16] *Thomas v. Bd. of Shawnee Cnty. Comm'rs*, 262 P.3d 336, 346 (Kan. 2011).

Defendant's failure to prevent toxic substances from escaping its pipeline caused Plaintiffs to sustain property and personal damages. The Court recommends denial of Defendant's motion with respect to Count One.

The elements of negligence per se include (1) a violation of a statute, ordinance, or regulation, and (2) resulting damages caused by the violation. In addition, a plaintiff must establish that the legislature intended an individual right of action for injury arising out of such violation.[17] Plaintiffs allege Defendant breached Kansas and federal regulations and laws governing the transportation, transfer and/or handling of dangerous and hazardous materials, but the amended complaint does not identify the specific regulations or laws Defendant allegedly breached. As Defendant correctly argues, Plaintiffs cannot state a claim for negligence per se without establishing that the regulation or statute at issue creates an individual right of action. The Court cannot determine whether an individual right of action is available to Plaintiffs without knowing what regulation or law Defendant allegedly violated. In their response, Plaintiffs suggest none, nor do they seek leave to amend their complaint to include a specific regulation or law. Accordingly, the Court recommends that the motion be granted with respect to Count Seven.

### 2.  Private (Count Two) and Public Nuisance (Count Three)

The Kansas Supreme Court has described a nuisance as follows:

> A nuisance is an annoyance, and any use of property by one which gives offense to or endangers the life or health, violates the laws of decency, unreasonably pollutes the air with foul, noxious odors or smoke, or obstructs the reasonable and comfortable use and enjoyment of the property of another may be said to be a

---

[17] *Pullen v. West*, 92 P.3d 584, 593 (Kan. 2004).

nuisance.[18]

A private nuisance is a tort related to an unlawful interference with a person's use or enjoyment of his land.[19] A public nuisance, on the other hand, must affect an interest common to the general public, and is based on an infringement of the rights of the community at large.[20] A public nuisance may also be a private nuisance when it interferes with an individual landowner's enjoyment of his land.[21] To be actionable, the nuisance complained of must be the proximate cause of the injury and damage for which Plaintiff seeks recovery.[22] As Defendant points out, to be actionable the injury must be either physical injury to the property or an interference with the owner's use and enjoyment of the property.[23]

Defendant argues both nuisance claims must be dismissed because the amended complaint fails to plead facts showing that any specific act or omission by Defendant has interfered with any particular Plaintiff's use and enjoyment of property, and that only Plaintiff Brown Family Farms alleges ownership of any property. While the amended complaint clearly

---

[18] *Culwell v. Abbott Constr. Co.*, 506 P.2d 1191, 1192 (Kan. 1973).

[19] *Id.*

[20] *Id.* at 1195.

[21] *Id.* at 1196.

[22] *Baldwin v. City of Overland Park, KS*, 468 P.2d 168, 172 (Kan. 1970).

[23] *Smith v. Kan. Gas Serv. Co.*, 169 P.3d 1052, 1062 (Kan. 2007).

sets forth sufficient factual allegations relating to the release of natural gas condensate from Defendant's pumping and pipeline equipment, as well as the adverse impact the release had on the air, ground, water, animals, and humans in the area, only Plaintiff Brown Family Farms alleges ownership of land in Lyon County. In their brief, Plaintiffs concede that the concept of a private nuisance does not exist apart from the interest of a landowner, and they do not dispute that only one Plaintiff holds such interest. Accordingly, the Court recommends that the claims for private nuisance in Count Two and public nuisance in Count Three be dismissed as to all Plaintiffs except Brown Family Farms.[24]

Defendant also argues that the public nuisance claim must be dismissed because Plaintiffs have not alleged facts showing they have a specialized injury distinguishable from that of the general public. "In the absence of some peculiar individual injury[,] redress for a public nuisance must be left to the appointed representatives of the community."[25] Notwithstanding this general rule, however, exceptions exist.

> The trouble is that once this rule is accepted the courts have not always found it easy to determine what is a sufficient "peculiar damage" to support the private action. Some rather fine lines have been drawn in the decisions. Where a plaintiff suffers personal injury or harm to his health as a result of a public nuisance, there is no difficulty in finding a different kind of damage which justifies an action by the individual plaintiff.[26]

---

[24] "Although the children may have suffered 'emotional distress,' this personal injury is not synonymous with the injury to the property interest sustained [by] the homeowners. Because the plaintiff children have no legal interest in the subject land, they may not recover damages under a private nuisance theory for any impairment of the use and enjoyment of their parents' land." *Bolin v. Cessna Aircraft Co.*, 759 F. Supp. 692, 720 (D. Kan. 1991).

[25] *Culwell*, 506 P.2d at 1196.

[26] *Id.*

Plaintiffs allege the spill and cloud were especially injurious to them or their property.[27] Although they do not state in what manner they suffered special injury, the Court finds it plausible that Plaintiff Brown Family Farms suffered damage peculiar to its property.  As the Tenth Circuit has noted, a chief criticism of the plausibility standard "is that plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence."[28]  In this instance, Plaintiffs allege Defendant has not fully determined nor completely disclosed to the public the facts of the material release, its constituency or history,[29] including the composition and plume path of the toxic natural gas condensate at issue.[30]  At this stage, therefore, the Court finds Plaintiff Brown Family Farms' allegations sufficient to withstand a motion to dismiss, and recommends that the motion be denied with respect to Plaintiff Brown Family Farms' claim for public nuisance in Count Three.

### 3. Intentional Infliction of Emotional Distress (Count Six) and Negligent Infliction of Emotional Distress (Count Eight).

To establish liability for intentional infliction of emotional distress, a plaintiff must establish: (1) defendant's conduct was intentional or in reckless disregard of plaintiff; (2) the conduct was extreme and outrageous; (3) a causal connection between defendant's conduct

---

[27] ECF No. 31 at 12.

[28] *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).

[29] ECF No. 31 at 4.

[30] *Id.* at 8.

and plaintiff's mental distress; and (4) plaintiff's mental distress was extreme and severe.[31] Defendant argues that Plaintiffs summarily characterize Defendant's conduct as reckless without alleging specific conduct that could be considered extreme and outrageous or facts showing any Plaintiff suffered mental distress, let alone that which is extreme and severe. Plaintiffs' response does not address Defendant's argument.

The allegations in Count Six are wholly devoid of facts to support a claim. Instead, Plaintiffs recite the elements of the intentional tort but offer no facts showing how Defendant's conduct was intentional or in reckless disregard of Plaintiffs, in what manner the conduct was extreme and outrageous, or that any Plaintiff suffered extreme and severe mental distress. As such, the amended complaint contains nothing more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. The Court recommends that the motion be granted with respect to Count Six.

A negligent infliction of emotional distress claim requires a plaintiff to establish a physical injury which directly results from or accompanies the emotional distress caused by the defendant's negligence.[32] The physical injury must occur contemporaneously with or shortly after the incident causing the emotional distress.[33] "Case law requires that the physical injuries must directly result from the emotional distress allegedly caused by the defendant's negligence,

---

[31] *Valadez v. Emmis Commc'ns*, 229 P.2d 389, 394 (Kan. 2010).

[32] *Nkemakolam v. St. John's Military School*, 994 F. Supp. 2d 1193, 1200 (D. Kan. 2014).

[33] *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1220 (Kan. 1983).

and must appear within a short span of time after the emotional disturbance."[34]

Defendant argues that Plaintiffs likewise fail to state facts showing that any of them experienced emotional distress or suffered actual physical injury as a result of Defendant's conduct. Plaintiffs' amended complaint alleges they experienced fear, fright and anguish, as well as emotional responses including concern for themselves, their loved ones, and their property. Plaintiffs also allege the materials to which they were exposed are carcinogenic and are known to cause damage to various body parts through skin and eye contact and inhalation.[35] Specific to this count, Plaintiffs allege the location of the facility and its proximity to a large population of people should have made Defendant realize its conduct involved an unreasonable risk of causing distress which, if it occurred, would result in illness or bodily harm.[36] But nowhere do Plaintiffs allege that any of them sustained any type of physical injury immediately after or in conjunction with their emotional responses to the release. The fact that Plaintiffs were exposed to carcinogenic materials does not translate into immediate injury (and one hopes such harm never materializes), and without such allegation Plaintiffs have not stated a plausible cause of action against Defendant for negligent infliction of emotional distress.[37] The Court recommends the motion be granted with respect to Count Eight.

---

[34] *Id.* at 1222.

[35] ECF No. 31 at 5-6.

[36] *Id.* at 16.

[37] *See Hoard*, 662 P.2d at 1221 (physical injuries that occurred from six weeks to two years after incident too remote in time to form basis for recovery under theory of negligent infliction of emotional distress).

### 4. Trespass (Count Four)

When a claim of trespass is based on foreign matter intruding on another's land, the plaintiff must show that "the defendant intended the foreign matter to intrude on the plaintiff's land or that the defendant performed the act with knowledge that the act would, to a substantial certainty, result in the foreign matter entering the plaintiff's land."[38]  Defendant argues that Plaintiffs fail to allege facts in support of their conclusory statement that Defendant's intentional, reckless, or negligent acts resulted in natural gas condensate entering the land in Plaintiffs' possession.  The pleading indicates otherwise, as Plaintiffs allege that Defendant intentionally, recklessly or negligently handled natural gas condensate, identified as extremely hazardous, poisonous, and damaging, through obviously defective pumping and pipeline equipment using obviously defective handling procedures, resulting in the foreseeable entry of the condensate onto land in the possession of Plaintiffs.  Plaintiffs also allege the release caused harm to the land, the possessor, or a thing or third person in whose security the possessor has a legally protected interest.[39]  Plaintiffs thus allege sufficient facts to show an intrusion of foreign matter as the basis for their trespass claim.

However, Defendant also argues the amended complaint does not allege any particular Plaintiffs own property that has been trespassed upon.[40]  In their response, Plaintiffs do not

---

[38] *Muhl v. Bohi,* 152 P.3d 93, 98 (Kan. App. 2007).

[39] ECF No. 31 at 13.

[40] Defendant contends that neither do Plaintiffs allege any one of them own property that has been trespassed upon.  The amended complaint specifically identifies Plaintiff Brown Family Farms as a property owner. *Id.* at 3.

address this argument.  As recited above, the amended complaint alleges the damaging particulate entered land "in the possession of Plaintiffs, causing harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legal[ly] protected interest and is, therefore, subject to liability in trespass."[41]  Plaintiffs offer no legal authority for the proposition that an action in trespass is available to any party other than the property owner.[42]  Accordingly, the Court recommends the motion be granted as to Count Four with respect to all Plaintiffs other than Brown Family Farms.

### 5.     Abnormally Dangerous Activity (Count Five)

Kansas law employs the Restatement (Second) of Torts' standard for determining liability for abnormally dangerous activities, and holds that a person "who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm."[43]  Defendant makes a single argument in favor of dismissal of this count, namely that Plaintiffs do not state facts showing that any particular Plaintiff's person, land, or chattels were harmed as a result of allegedly abnormally dangerous activities.  The Court rejects this argument for the same reasons set forth in relation to Plaintiffs' private nuisance claim.  Unlike that claim, however, ownership is not a prerequisite to asserting a claim for abnormally

---

[41] *Id.*

[42] *See, e.g., Armstrong v. Bromley Quarry & Asphalt, Inc.*, 378 P.3d 1090, 1095 (Kan. 2016) ("Generally, a trespasser is one who enters the premises of another without any right, lawful authority, or express or implied invitation or license."); *Muhl*, 152 P.3d at 98 (plaintiff must show defendant's actions affected "plaintiff's land").

[43] *Williams v. Amoco Prod. Co.*, 734 P.2d 1113, 1122 (Kan. 1987) (quoting *Restatement (Second) of Torts* § 519).

dangerous activity. It is therefore plausible that Defendant's conduct in preventing toxic substances from escaping its pipeline caused Plaintiffs to sustain damages to property, chattels, and persons. The Court recommends denial of Defendant's motion with respect to Count Five.

### 6. K.S.A. 65-6203 (Count Nine)

Plaintiffs allege a claim for violation of a Kansas environmental statute which allocates responsibility for discharges detrimental to water or soil, K.S.A. 65-6203. The Kansas Supreme Court has described the statute as follows:

> The clear and unambiguous language of K.S.A. 65–6203(a)(1) provides that any person responsible for the accidental release or discharge of materials detrimental to the quality of the waters or soil of the state has a "duty" to "[c]ompensate the owner of the property where the release or discharge occurred for actual damages incurred as the result of the release or discharge, or as the result of corrective action taken or access to take corrective action," unless the owner or "owner-permitted occupant" of the damaged property had a "causal connection" to the release or discharge or contributed to the contamination.
>
> Thus, like our common-law strict liability standard, K.S.A. 65–6203(a) imposes a duty on the responsible party to compensate an innocent landowner and to take corrective action in compliance with existing public health standards regardless of any intent, negligence, or misconduct of the person responsible for the accidental release or discharge. But unlike our common-law strict liability standard, K.S.A. 65–6203(a) does not consider whether the responsible party was engaged in an abnormally dangerous activity.[44]

Defendant asserts Plaintiffs cannot avail themselves of this claim because the statute is available only to the property owner and Plaintiffs assert no ownership of property where such discharge occurred, and that they fail to identify facts showing any particular Plaintiff suffered damages related to the release. The clear language of the statute, as quoted by the Kansas

---

[44] *Eastman v. Coffeyville Resources Refining & Mktg. LLC*, 284 P.3d 1049, 1054–55 (Kan. 2012).

Supreme Court in the passage above, makes a party that causes an accidental release or discharge liable to the property owner.[45]  Accordingly, as with Plaintiffs' claims for private and public nuisance and trespass, only Plaintiff Brown Family Farms is entitled to assert a claim under K.S.A. 65-6203.

With respect to Defendant's argument that Plaintiff Family Farms fails to show damages, the Court rejects the argument for the reasons previously stated.  Defendant also summarily argues, with no legal support, that dismissal is warranted because Plaintiffs do not plead facts demonstrating that they made no contribution and their actions had no causal connection, to the release.  As Plaintiffs point out, they are not required to anticipate and negate any affirmative defenses Defendant may choose to plead.  Accordingly, the Court recommends Defendant's motion be granted as to Count Nine with respect to all Plaintiffs other than Brown Family Farms.

## **RECOMMENDATIONS**

**IT IS THEREFORE RECOMMENDED THAT** Defendant's Motion to Dismiss (ECF No. 36) be GRANTED with respect the following Plaintiffs in the following counts: (1) all Plaintiffs except Brown Family Farms in Count Two (private nuisance), Count Three (public nuisance), Count Four (trespass), and Count Nine (K.S.A. 65-6203); (2) all Plaintiffs in Count Six (intentional infliction of emotional distress); (3) all Plaintiffs in Count Seven (negligence

---

[45] "It shall be the duty of any person responsible for an accidental release or discharge of materials detrimental to the quality of the waters or soil of the state to: (1) compensate the owner of the property where the release or discharge occurred for actual damages incurred as the result of the release or discharge."  K.S.A. 65-6203(a).

per se); and (4) all Plaintiffs in Count Eight (negligent infliction of emotional distress).

**IT IS FURTHER RECOMMENDED THAT** Defendant's Motion to Dismiss (ECF No. 36) be DENIED with respect to: (1) whether Plaintiffs allege a plausible claim for relief; (2) Count One (negligence); and (3) Count Five (abnormally dangerous activity).

Respectfully submitted.

Dated this 26th day of June, 2017, in Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge