IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUANITA BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-cv-2428-JAR-TJJ |
| ) | |
| PANHANDLE EASTERN PIPELINE ) | |
| COMPANY L.P., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery (ECF No. 66). Plaintiffs ask the Court to overrule Defendant's objections, order Defendant to supplement its discovery responses, and award sanctions in connection with Defendant Panhandle Eastern Pipeline, L.P.'s (1) Responses and Objections and Supplemental Responses and Objections to Plaintiffs' First Requests for Production of Documents, and (2) Answers and Objections and Supplemental Answers and Objections to Plaintiffs' First Interrogatories. Defendant opposes the motion. For the reasons set forth below, the Court denies the motion in part and grants it in part.

**I.      Relevant Background**

On July 4, 2017, Plaintiffs served their First Interrogatories and First Requests for Production of Documents on Defendant. Plaintiffs agreed to Defendant's two requests for additional time, and on September 5, 2017, Defendant served responses and objections but produced no documents or a privilege log. The next day, Plaintiffs' counsel sent a letter inquiring when Defendant intended to deliver the responsive documents it had agreed to produce, a privilege log for the documents it was withholding, and an affidavit supporting its claimed burden in responding. Defendant did not respond before Plaintiffs' counsel sent a golden rule

letter that addressed specific issues in Defendant's responses. On October 2, 2017, Defendant's counsel responded to both letters. The Court conducted a telephone conference on October 4, 2017, and after hearing argument and providing guidance on the discovery issues, encouraged the parties to exchange narrowed requests and supplemental responses. The Court also extended until October 13, 2017, Plaintiffs' deadline to file a motion to compel related to this discovery.[1]

During the next week, counsel continued to confer by telephone and exchange written communications. While they were able to narrow the issues, they were unable to fully resolve their disagreements. On October 13, 2017, the deadline for Plaintiffs to file a motion to compel, the parties agreed that Plaintiffs should seek a further extension. Plaintiffs did so, and attached to their motion for extension of time a draft of their motion to compel.[2] The Court granted Plaintiffs' motion, extending the motion to compel deadline to October 18, 2017.[3] On the morning of October 17, 2017, counsel telephoned the undersigned Magistrate Judge's chambers to request another telephone conference, which the Court held that afternoon after reviewing additional submissions from counsel. During the conference, the Court confirmed that counsel had agreed on both the geographic scope and temporal limits of the discovery requests. The Court set additional deadlines for production and an October 20, 2017 deadline for Plaintiffs to file a motion to compel regarding the sufficiency of Defendant's responses.[4] Counsel further

---

[1] *See* ECF No. 61.

[2] *See* ECF No. 62. The Court viewed the attachment as Plaintiffs' indication of their good faith in continuing to confer with Defendant and their readiness to proceed if the Court were to deny their motion for extension of time.

[3] *See* ECF N. 63.

[4] *See* ECF No. 65 at 2. The Court also ordered Defendant to produce all responsive documents and a privilege log no later than October 25, 2017. With Plaintiffs' consent, the Court shortened

conferred but did not resolve the matter.

Plaintiffs timely filed the instant motion and assert that counsel complied with the requirements of D. Kan. Rule 37.2. Defendant disagrees. The Court finds that counsel made a reasonable attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

Considerations of both relevance and proportionality now govern the scope of discovery.[6] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Information still "need not be admissible in evidence to be discoverable."[8] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase,

---

to 21 days their deadline to challenge the sufficiency of Defendant's production, amended interrogatory answers, and privilege log.

[5] *Fed. R. Civ. P. 26(b)(1).*

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] Fed. R. Civ. P. 26(b)(1).

however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[9]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[10] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[11] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[13] Relevancy determinations are generally made on a case-by-case basis.[14]

### III. Analysis

Plaintiffs' motion, coming 45 days after Defendant's first responses but only two days

---

[9] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[10] *Id.*

[11] *Id.*

[12] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[13] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[14] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

4

after Defendant served its supplemental responses, addresses objections Defendant made in both its original and supplemental responses.  The Court will rule only on the objections that Defendant asserted in its original responses and has not subsequently withdrawn.[15]  Defendant waived its later objections by asserting them beyond the deadline to which Plaintiffs agreed and without the Court having excused Defendant's failure to timely respond.[16]

Neither does the Court need to rule on the general objections Defendant included in its original responses, as counsel withdrew those objections in its supplemental responses.

The Court considers in turn each of Plaintiffs' challenges to Defendant's timely-asserted objections.

### A.   Objections that requests are vague and ambiguous.

There is no question that Defendant's initial objections to certain words as being vague and ambiguous were not valid.  Defendant made no attempt to describe the alleged inadequacies, and the words to which Defendant objected (e.g., "chemicals," "real and personal properties," "spills," "tests") are perfectly clear in the context of this case.  In its supplemental responses, Defendant added an explanation of how some words are allegedly vague and ambiguous.  In response to RFP 16, in which Plaintiffs seek documents provided to Defendant by third-party inspectors investigating the subject release, Defendant objects that the term "third-party inspector" is vague and ambiguous and its intended scope is uncertain.  Defendant further

---

[15] Plaintiffs argue that Defendant waived the objections stated in its initial discovery responses. The Court has rejected that argument.  *See* ECF No. 65 at 2.  Defendant was not permitted to make new objections, but was allowed to further explain its original objections as part of the parties' ongoing efforts to resolve their disagreements.

[16] *See* Fed. R. Civ. P. 33(b)(4); *Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) ("Although Fed. R. Civ. P. 34, governing production of documents and things, provides no similar language with respect to specificity and waiver of objections, no reason exists to distinguish between interrogatories and requests for production.").

5

responded by saying it will construe the term as referring to third-party inspector Jim Hagemann. Plaintiffs' response indicates no dissatisfaction with Defendant's construction of "third-party inspector." The Court finds the construction reasonable and denies Plaintiffs' motion on this point.

In response to RFP 28, which asks Defendant to identify brands of chemicals in the Olpe 100 line, Defendant objects that the words "chemicals in the Olpe 100 line" are vague and ambiguous. Defendant states that it construes the phrase as excluding natural gas. Plaintiffs do not argue against Defendant's construction. The Court also finds this construction reasonable and denies Plaintiffs' motion on this point.

The Court's review of the remaining RFPs and the one Interrogatory in which Defendant alleges certain words are vague and ambiguous yields the same result.[17] In each instance, Defendant indicates its construction and/or what responsive documents it will produce. The Court finds each reasonable, and Plaintiffs do not further challenge Defendant's objections of vagueness and ambiguity in its supplemental responses. The Court therefore denies Plaintiffs' motion insofar as it asks the Court to overrule Defendant's objections on the basis that portions of certain discovery requests are vague and ambiguous.

### B.    Objections of overbreadth and disproportionality

Defendant objects that eight RFPs are overbroad and disproportionate to the likely benefit because those requests seek documents that fall outside the temporal and geographic limits set by the Court for collecting or producing ESI or hardcopy documents.[18] Each individual RFP does not contain language limiting the request to the scope the Court allowed, i.e. documents dated

---

[17] RFP Nos. 29, 31, 38, 44, 46, 52, and 58; Interrogatory No. 3.

[18] RFP Nos. 13, 14, 25, 44, 46, 49, 53, and 57.

January 1, 2009 to June 18, 2016 that relate to the Panhandle system within the State of Kansas.[19]  But as Plaintiffs point out, both their Interrogatories and Requests for Production include the following direction: "Each request should be construed only to the extent that it complies with the scope of the Court's Order regarding discovery."[20]  Accordingly, the temporal and geographic limitations are implicit in each request, making Defendant's objections moot.  The Court therefore grants Plaintiffs' motion insofar as it asks the Court to overrule Defendant's objections on the basis that portions of certain discovery requests are overbroad and disproportionate as going beyond the temporal and geographic limitations the Court has imposed.

### C. Objection on basis that Interrogatories assume facts not in evidence

Defendant poses an objection to Interrogatories 4 and 6 on the ground that each assumes facts not in evidence.  Specifically, Defendant contends the interrogatories presuppose injuries that no Plaintiff has claimed.  Because the discovery is in the form of an interrogatory, Defendant's designee should explain the lack of responsive information and/or knowledge.  An objection on this basis is not well-founded in response to a discovery request.  The Court therefore grants Plaintiffs' motion insofar as it asks the Court to overrule Defendant's objections on the basis that Interrogatories 4 and 6 assume facts not in evidence.

### D. Attorney-client privilege and work product objections

Plaintiffs argue that Defendant's failure to produce a privilege log, describing in detail the precise reasons for its objections based on attorney-client privilege and work product,

---

[19] ECF No. 47 at 1.  The Court entered the April 21, 2017 order proposed by and consented to by all parties.  The temporal and geographic limitation in the order applies to all discovery "absent agreement of the parties or further order of the court."  *Id.*

[20] ECF No. 66-2 (Interrogatories); 66-3 (Requests for Production).

resulted in waiver of the objections. Defendant represents that consistent with the Court's direction, counsel provided a privilege log on October 25, 2017 along with its supplemental document production. In their reply, Plaintiffs do not challenge any of the privilege log entries. Accordingly, there is no pending issue to resolve regarding Defendant's privilege objections.

### E. Objections that requests are inconsistent with Court's discovery limitations

Plaintiffs contend that Defendant's objections on the basis that certain RFPs are inconsistent with the Court's geographic and temporal limitations should be overruled because Plaintiffs specifically incorporated those limitations in the RFP directions. Defendant acknowledges the direction, but points to two RFPs which seek documents from the previous ten years. During the October 17, 2017 discovery conference during which the Court made clear that Defendant had not waived its original objections, the Court also confirmed that the parties acknowledge and agree upon the same geographic and temporal limitations. Accordingly, Plaintiffs' RFPs are to be read in light of the Court's order and the parties' agreement, making Defendant's objection unnecessary.[21]

### F. Specific Objections to Interrogatories

Plaintiffs contend that the following five Defendant's interrogatory answers are non-responsive in a variety of respects.[22]

#### 1. Interrogatory No. 1

Plaintiffs seek the name and address of every person "who may have any direct

---

[21] The Court notes that Defendant first raised an objection to the temporal limits of RFP Nos. 1, 2, 3, 9, 11, 32, and 66 in its supplemental responses. Those objections would be waived if not for the Court's determination that they are unnecessary.

[22] Plaintiffs also point out that the answers are unsigned. The Court reminds Defendant of the requirements of Federal Rule of Civil Procedure 33(b)(5).

8

knowledge of any fact or record relating to the incident," along with a summary of "the substance and extent of their knowledge." Defendant's original answer did not name a single individual, but instead objected on grounds that (1) "incident" is vague, ambiguous and undefined, and (2) other words and phrases are overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate. Defendant's supplemental answer identified more than 40 witnesses. For those witnesses who are Defendant's employees, the answer also provided one- to ten-word descriptions of the subject matter of each person's knowledge. For those witnesses who are employed by other entities, the answer identified the entity's role in relation to the incident. Finally, Defendant listed "[i]ndividuals and entities owning land adjacent to the property owned by the Plaintiffs in this case – information available to Plaintiffs through public records."

Plaintiffs assert the answer is non-responsive because it fails to "summarize the substance and extent" of each person's knowledge, particularly the neighboring landowners.

The Court overrules Defendant's boilerplate objections listed above, as they fail to show specifically why the interrogatory is improper.[23] Defendant has not complied with the interrogatory because its answer fails to summarize the substance and extent of each identified person's knowledge. The Court grants Plaintiffs' motion to compel with respect to Interrogatory No. 1.

### 2. Interrogatory No. 2

In Interrogatory No. 2, Plaintiffs seek to learn what evidence Defendant has to support its affirmative defenses. Plaintiffs ask for detailed descriptions, the identification of persons with knowledge, and how Defendant obtained the information for "each and every such fact,

---

[23] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

observation, document, and item of evidence." Defendant objects on a number of grounds, but in response to the instant motion advances the single objection that an interrogatory seeking "every fact" is overly broad and unduly burdensome on its face.

Defendant's position is consistent with the law in this district.[24] However, contrary to Defendant's assertion, the supplemental answer provides virtually no facts, nor does it state that Defendant currently possesses no responsive information. Defendant is obligated to answer the interrogatory insofar as it is not objectionable by providing the requested information for the principal and material facts Defendant relies on to support its affirmative defenses.[25] Defendant must provide the requested information it currently possesses and, to the extent Defendant is still learning those facts and gathering information, Defendant shall timely supplement its answer. Accordingly, the Court denies in part and grants in part Plaintiffs' motion to compel with respect to Interrogatory No. 2.

### 3.     Interrogatory No. 3

Plaintiffs seek information regarding all conversations about the incident among Defendant's employees, agents, and representatives, including whether the conversation was recorded, who was present, where and when the conversation took place, and the substance of the conversation. Defendant objects that the request for "any conversation relating in any way" to the incident is overbroad and unduly burdensome. Just as with Interrogatory No. 2, the Court sustains Defendant's objection, but Defendant remains obligated to answer the interrogatory insofar as it is not objectionable by providing the requested information for the principal and

---

[24] *E.g., Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 502 (D. Kan. 2006) ("As a general rule in this District, the court will find interrogatories overly broad and unduly burdensome to the extent that they ask for 'every fact' which supports identified allegations or defenses.").

[25] *Id.*

material conversations of which Defendant is aware. Accordingly, the Court denies in part and grants in part Plaintiffs' motion to compel with respect to Interrogatory No. 3.

### 4. Interrogatory No. 6

Plaintiffs seek to identify each substance released, the date the substance was introduced into the pipeline and/or compressor station, the reason it was introduced, and to identify potential health effects on humans exposed to the substance. Plaintiffs also direct Defendant to describe the methods used to determine the answer to this interrogatory. Defendant objects that information regarding its method of preparing its answer invades work-product and attorney-client privileges, but it is unclear whether Defendant's subsequently produced privilege log contains entries for this interrogatory. Plaintiffs do not challenge this objection in their response, which followed Defendant's privilege log production, so the Court will not rule on privilege.

Defendant explains that its supplemental answer provides known and available substantive information for diesel oil and lube oil, the only substances it currently knows were in the pipeline. Defendant's supplemental answer refers to a log it was producing which would list the dates of each injection of diesel fuel into the pipeline. Finally, Defendant points out its supplemental answer states that to the extent Defendant discovers additional information relating to the content and quantity of the materials introduced into the pipeline, Defendant will further supplement its answer and its responses to the correlated RFPs. Plaintiffs' response does not take issue with Defendant's explanation regarding the substances in the pipeline, which the Court finds reasonable.

With respect to the identity of potential health effects on humans exposed to the substances, however, the Court has overruled Defendant's objection that the interrogatory assumes facts not in evidence. Defendant shall timely supplement its answer to Interrogatory

11

No. 6 insofar as the interrogatory asks Defendant to identify potential health effects on humans exposed to the substance and the methods Defendant used to determine its answer. In sum, the Court grants Plaintiffs' motion with respect to Interrogatory No. 6 regarding the identity of health effects and the method Defendant used to prepare the answer, but denies the motion as it relates to the remainder of Interrogatory No. 6.

### 5. Interrogatory No. 7

Plaintiffs seek information regarding the disposal of the substances that were released on Defendant's, local residents', commercial, and public property. Plaintiffs assert that Defendant's answer is non-responsive because it does not directly address certain requested information but instead refers to previously produced documents. Defendant contends it complied with its obligation by producing business records as permitted by Federal Rule of Civil Procedure 33(d), and that it will produce an updated log.

Plaintiffs do not dispute Defendant's description of the documents they have produced, nor do they take issue with the timing or content of the updated log. The Court finds that Defendant's answer was sufficiently responsive. Accordingly, the Court denies Plaintiffs' motion with respect to Interrogatory No. 7.

## IV.   Sanctions Request

Plaintiffs ask the Court to impose sanctions on Defendant. Federal Rule of Civil Procedure 37(a)(5)(C) leaves to the Court's discretion the decision to apportion expenses when the Court grants in part and denies in part a motion to compel. Although the Court is aware that Defendant provided essentially no discovery responses until two months or more after its response deadline, the Court has not found Plaintiffs' motion warrants granting in its entirety. The Court will not award sanctions.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel Discovery (ECF No. 66) is **DENIED IN PART** and **GRANTED IN PART** as set forth herein. <u>**Within ten days of the date of this order,**</u> Defendant shall serve on Plaintiffs its supplemental answer to Interrogatory Nos. 1, 2, 3, and 6.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2018, at Kansas City, Kansas.

<i><u>s/ Teresa J. James</u></i><br>
Teresa J. James<br>
U.S. Magistrate Judge